UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOCELYN MILLER, Plaintiff, v. CITY OF CHICAGO, et al., Defendants. | No. 19 CV 4096 Judge Manish S. Shah |

**ORDER**

Defendant Rodeway Inn's motion to dismiss Counts I–III of plaintiff's complaint [31] is granted. Those counts are dismissed against Rodeway without prejudice.

**STATEMENT**

Plaintiff Jocelyn Miller rented a room at the Rodeway Inn Chicago-Evanston for one night. [1] ¶ 13.* While Miller was sleeping, two Chicago police officers arrived at the hotel and asked a hotel employee for access to Miller's room. [1] ¶¶ 20–21. The employee agreed. [1] ¶¶ 21, 45. The employee did not call Miller, ask to see a search warrant, or ask the officers why they wanted to enter Miller's room. [1] ¶¶ 21–22, 46, 48. Miller suddenly heard "loud and violent bangs" on the door of her hotel room. [1] ¶ 29. The officers entered her room with their weapons drawn and pointed at Miller, told her to get on the ground, and searched her room. [1] ¶ 29–30.

Miller brings 13 claims against the City of Chicago, two named individual officers and unknown officers, Sabra Management (doing business as Rodeway Inn Chicago-Evanston), and Choice Hotel International, Inc. As relevant here, Miller sues Rodeway Inn under 42 U.S.C. § 1983 for excessive force, unlawful search and seizure, and failure to intervene. [1] ¶¶ 54–70 (Counts I–III). Rodeway Inn moves to dismiss those counts because Rodeway Inn is not a state actor for purposes of 42 U.S.C. § 1983. I agree with Rodeway.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, a court must construe all factual allegations as true and draw all

---

* Bracketed numbers refer to entries on the district court docket and referenced page numbers are taken from the CM/ECF header placed at the top of filings.

reasonable inferences in the plaintiff's favor. *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018).

Generally, "§ 1983 does not permit suits based on private conduct." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir.), *cert denied*, No. 18-1558, 2019 WL 4921457 (Oct. 7, 2019); *see also Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 825 (7th Cir. 2019) ("[P]rivate actors … cannot usually be sued under § 1983."). A number of exceptions allow § 1983 liability when a private entity acts under color of state law. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815–16 (7th Cir. 2009) (listing theories of private liability under § 1983).

Here, Miller relies on the conspiracy exception: that Rodeway acted in concert with the CPD officers. A private actor may be sued under § 1983 if he "conspires with a state actor to deprive someone's constitutional rights." *Alarm Detection Sys.*, 930 F.3d at 825. To establish § 1983 liability through conspiracy, the plaintiff must allege that the state actor and the private individual "reached an understanding to deprive the plaintiff of his constitutional rights," and the private individual was a "willful participant" in joint activity with the state actor. *Spiegel*, 916 F.3d at 616 (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). There must be evidence of a "*concerted effort* between a state actor and th[e private] individual." *Id.* (quoting *Fries*, 146 F.3d at 457). Merely "alleging aid to or encouragement of state action" is not enough. *Id.* And "mere allegations of joint action or a conspiracy" are "not sufficient to survive a motion to dismiss." *Id.* (quoting *Fries*, 146 F.3d at 458).

Miller alleges only that the hotel employee allowed the officers to access her room. She does not plead any facts supporting the inference that the employee knew what the officers were going to do, that he or she reached an understanding with the officers to deprive Miller of her constitutional rights, or that the employee willingly participated in the officers' actions. Miller does not allege that the employee entered the room, used any force against her, or participated in the search. She cabins those accusations to the police officers themselves, and accuses the employee only of granting access to the room. At best, that act was "aid" to the officers, but aid to the state is not enough to convert the actions of a private citizen into state action. *Spiegel*, 916 F.3d at 616. Miller's allegation is insufficient to state a claim that Rodeway acted in concert with the police.

Miller's claims against Rodeway fail for another reason. Even if Rodeway or its employee acted under color of state law, a private corporation is treated like a municipality for § 1983 purposes. *Gaston v. Ghosh*, 920 F.3d 493, 494–95 (7th Cir. 2019); *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). So, like a municipality, a corporation is not subject to vicarious liability for the actions of its employees. *Gaston*, 920 F.3d at 494–95 (citing *Iskander v. Forest Park*, 690 F.2d 126 (7th Cir. 1982)). To prevail on her claim, Miller must allege that the constitutional violation resulted from an "unconstitutional policy or custom of the corporation itself."

2

*Shields*, 746 F.3d at 789. Miller has not adequately alleged that her injuries were the result of Rodeway's "official policy or custom." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Miller argues that Rodeway did not train its employees to refuse access to police officers requesting access to guests' rooms absent a search warrant, exigency, or consent. She labels this failure to train a policy. But liability attaches only where the corporation's policymakers make "a deliberate choice to follow a course of action" from "among various alternatives." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). A failure to provide adequate training may be a basis for liability—if it has a direct casual connection to plaintiff's injury—but "the plaintiff must show that the failure to train reflects a conscious choice among alternatives that evinces a deliberate indifference to the rights of the individuals with whom those employees will interact." *Id.*

Miller's only allegation on this point is that Rodeway never trained its employees on guests' right to be free from police officers entering their rooms. [1] ¶ 49. She does not plead any facts suggesting that the Rodeway employee who granted access to her room was in a policymaking position, or that Rodeway supervisors or executives made a deliberate choice not to train their employees to properly handle police requests for access to guests' rooms. There is no allegation to support an inference that unlawful hotel searches are so rampant that the failure to train reflects a deliberate indifference to the constitutional rights of guests like Miller. And she identifies the act of only one employee. Even if Rodeway were acting under the color of law, Miller's complaint would not state a claim for liability under a policy theory. *See, e.g.*, *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (upholding dismissal of complaint that alleged "lots of *individual* misconduct," but no policy or custom that caused an injury); *Latuszkin v. City of Chicago*, 250 F.3d 502, 505 (7th Cir. 2001) (upholding dismissal of complaint that did not allege any facts showing that policymakers were aware of an individual's behavior or "that the activity was so persistent and widespread" that policymakers should have known about it).

Finally, Rodeway contends that I should dismiss Count III, failure to intervene, with prejudice because only a police officer may be liable for a failure-to-intervene claim. While most failure-to-intervene claims arise in the context of police officers, *see Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994), that does not necessarily mean a claim could never be viable against someone else. *See Ali v. Vill. of Tinley Park*, 79 F.Supp.3d 772, 778 (N.D. Ill. 2015) (allowing failure-to-intervene claim to proceed against firefighters, and noting the lack of "precedential caselaw explicitly cabining the duty to police officers"). The state-actor and *Monell* requirements for § 1983 liability against private corporations provide the applicable limiting principles here. Although unlikely in practice, it is not categorically impossible for a corporation to be responsible for a constitutional tort under a failure-to-intervene theory. I thus decline to dismiss Count III with prejudice.

Counts I through III against Rodeway are dismissed without prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (noting the presumption in favor of giving plaintiffs at least one opportunity to amend).

ENTER:

/s/ Manish S. Shah

Manish S. Shah
United States District Judge

Date: November 20, 2019